UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| NIGHT OF THE TEMPLAR, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:12CV02022 AGF |
| | ) | |
| DOES 1-116, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This "BitTorrent swarm" copyright infringement suit is before the Court on

Defendant John Doe #10's motion to dismiss the complaint against him, or to sever the

other 115 Doe Defendants for misjoinder under Federal Rule of Civil Procedure 21, and

alternative motion to quash. For the reasons set forth below, the motion to quash shall be

denied and the motion to sever shall be granted.

## BACKGROUND

Plaintiff Night of the Templar, LLC, filed this action against 116 Doe Defendants,

claiming that they violated its copyright to a movie by uploading and downloading it

using a peer-to-peer ("P2P") file sharing client known as BitTorrent. According to the

complaint, P2P networks are computer systems which allow users to make files stored on

each user's computer system available for copying by other users, or peers; search for

files stored on other users' computers; and transfer exact copies of files from one

computer to the other via the internet. BitTorrent in particular allows users to share large

files while minimizing the strain on computer networks. It does this by breaking files

into smaller parts, and then enabling the small parts to be downloaded from multiple other users, rather than downloading a single large file from one other user's computer. BitTorrent coordinates the downloading of the large file between hundreds and thousands of computers, and as the original user ("peer") downloads his or her copy it becomes available for other users to download. The collection of users who simultaneously share a file is known as a "swarm."[1]

Plaintiff alleges that all 116 Doe Defendants are Missouri residents and were part of a swarm that allowed them and others to steal Plaintiff's movie, in violation of its copyright. An exhibit attached to the complaint suggests that this swarm lasted approximately seven weeks, from July 22 until September 3, 2012. Plaintiff seeks injunctions against Defendants, as well as damages.

Plaintiff was only able to identify Defendants by their Internet Protocol ("IP") address and Internet Service Provider ("ISP"), Charter Communications ("Charter"). By Order dated December 14, 2012, the Court granted Plaintiff's request to take pre-service discovery to ascertain Defendants' identities and contact information by serving subpoenas, within 14 days of the date of the Order, upon Charter for this information. Charter was directed to serve, within 45 days, a copy on Defendants whose IP addresses were provided by Plaintiff. The Order, which was to be served on Defendants along with the subpoena, gave Defendants up to 75 days from the date of the Order (or through February 27, 2013) to a motion to contest the subpoena, and to do so anonymously.

---

[1] See generally *Columbia Picture Indus., Inc. v. Fung*, 710 F.3d 1020, 1024-28 (9th Cir. 2013).

On March 6, 2013, Doe #10 filed the present motion to dismiss the complaint against him or to sever for misjoinder.  Doe #10 argues that joinder is not warranted here because it is unclear if questions of law and fact are common amongst all Defendants.  Doe #10 would have Plaintiff file its suit against each Defendant individually.  In the alternative, Doe #10 seeks to quash the subpoena that Plaintiff issued to Charter with respect to his/her IP address, on the ground that it is unduly burdensome and invasive as Plaintiff does not know whether the owner of the IP address in question or someone else using his/her computer is the alleged infringer.  Further, given what Doe #10 alleges is the sensitive nature of the copyrighted movie, the release of Doe #10's personal information risks injury and embarrassment to him/her.

In opposition to Doe #10's motion, Plaintiff argues that Defendants have not been misjoined because Defendants' infringement results from the same transaction or occurrence or same series of transactions of occurrences and share common question of law and fact.  According to Plaintiff, "[b]ecause all Defendants joined the same swarm to download and upload the same file amongst themselves and other infringers and all infringed the same registered copyright, Plaintiff submits that it is clear that Plaintiff's right to relief 'aris[es] out of the same transaction, occurrence, or series of transactions or occurrences and that common questions of law fact' will apply to all of the Defendants in this case."

Plaintiff argues that Doe #10's motion to quash is untimely, and further that it should be denied because the subpoena is not an undue burden on Doe #10.  Plaintiff further denies that the material at issue is pornography.  Plaintiff represents that Charter

has already answered the subpoena with the identity of all parties except objecting Doe #10. Plaintiff also represents that it has information that the same IP address as the address of Doe #10 has been involved in significant downloading of copyright protected works from at least about July 2012 to about February 2013. Plaintiff submits that the unfair burden on Plaintiff and other copyright owners if Doe #10 is allowed to remain anonymous far outweighs any unfair burden Doe #10 will suffer in assisting Plaintiff to determine the identity of the infringer of Plaintiff's work through his IP address.

## DISCUSSION

### A. Joinder

Rule 20 of the Federal Rules of Civil Procedure permits, in relevant part, a plaintiff to join multiple defendants into one action if "(A) any right to relief is asserted against them . . . arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). When determining whether defendants are joined properly, the court should "liberally construe[ ] [the requirements] in the interest of convenience and judicial economy in a manner that will secure the just, speedy, and inexpensive termination of the action." *Call of the Wild Movie, LLC v. Does 1–1,062*, 77 F. Supp. 2d 332, 342 (D.D.C. 2011) (citations omitted). If defendants do not satisfy the test for permissive joinder, the court may sever the misjoined parties, "so long as no substantial right will be prejudiced by the severance." *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997) (citation omitted). "Misjoinder of parties is not a ground for dismissing an action." Fed. R. Civ. P. 21.

There is a split of authority nationally over whether it is appropriate to join in a single lawsuit many Doe defendants who are alleged to have participated in a single BitTorrent swarm. Relying on BitTorrent's architecture, some courts have concluded that Doe defendants' infringing activities arise from the same series of transactions or occurrences if the illegally downloaded torrent file's unique identifier links each Doe defendant to the same initial seed and swarm. *See, e.g., Digital Sin, Inc. v. Does 1–176*, 279 F.R.D. 239, 244 (S.D.N.Y. 2012) ("[I]t is difficult to see how the sharing and downloading . . . as a part of a chain or 'swarm' of connectivity designed to illegally copy and share the exact same copyrighted file . . . could *not* constitute a 'series of transactions or occurrences' for the purposes of Rule 20(a)."); *Patrick Collins, Inc. v. John Does 1-21*, 282 F.R.D. 161, 168-69 (E.D. Mich. 2012) (holding that "the law of joinder does not have as a precondition that there be temporal distance or temporal overlap; it is enough that the alleged BitTorrent infringers participated in the same series of uploads and downloads in the same swarm," adding that "the technology underlying BitTorrent [makes] it different from other file sharing methods, for joinder purposes").

This court is persuaded by the contrary view taken by many courts, that Rule 20(a) joinder of numerous Doe Defendants is not proper in BitTorrent cases, especially where, as here, the Doe Defendants' activities spanned over six weeks. The rationale for this view is expressed in *Hard Drive Productions, Inc. v. Does 1-188*, 809 F. Supp. 2d 1150 (N.D. Cal. 2011), as follows:

Does 1–188 did not participate in the same transaction or occurrence, or the same series of transactions or occurrences. Under the BitTorrent Protocol, it is not necessary that each of the Does 1-188 participated in or contributed to the downloading of each other's copies of the work at issue—or even participated in or contributed to the downloading by any of the Does 1-188. Any "pieces" of the work copied or uploaded by any individual Doe may have gone to any other Doe *or to any of the potentially thousands who participated in a given swarm.* The bare fact that a Doe clicked on a command to participate in the BitTorrent Protocol does not mean that they were part of the downloading by unknown hundreds or thousands of individuals across the country or across the world.

*Id*. at 1163 (citing numerous cases); *see also, e.g., Killer Joe Nevada, LLC v. Does 1-12*, No. 1:13-CV-1038, 2013 WL 3458197, at *1 (N. D. Ohio July 9, 2013);

*Malibu Media, LLC v. John Does 1-23*, 878 F. Supp. 2d 628, 631 (E.D. Va. 2012);

*Patrick Collins, Inc. v. Does 1-54*, No. CV–11–1602, 2012 WL 911432 (D. Ariz. Mar. 19, 2012); *K–Beech, Inc. v. Does 1-41*, No. CV-11-46, 2012 WL 773683 (S.D. Tex. Mar. 8, 2012).

The Court believes that these cases are well-reasoned and will follow their precedent.

Even if joinder of the Doe Defendants in this action met the requirements of Rule 20(a), the Court finds it is appropriate to exercise its discretion to sever and dismiss all but one Doe Defendant to avoid causing prejudice and unfairness to Defendants, and in the interest of justice. Rule 20(a)'s purpose of promoting judicial economy and trial convenience would not be served by allowing the number of defendants in this case because the ensuing discovery and variety of defenses could prove unwieldy for a single case. *See Bridgeport Music, Inc. v. 11C Music*, 202 F.R.D. 229, 232-33 (M.D. Tenn. 2001); *BMG Music v. Does 1-203*, No. CV-04-650, 2004 WL 953888, at *1 (E.D. Penn.

Apr. 2, 2004) (noting that different defenses would create scores of mini-trials involving different evidence and testimony).

In addition, joinder of numerous defendants in a single case may cause them prejudice. Court proceedings would be hampered as each defendant would have the opportunity to be present with his or her attorney. Though defendants may have nothing in common other than their participation in a single BitTorrent swarm, they would be required to serve every other defendant with all pleadings. Also, each defendant would have the right to be present at all other defendants' depositions. "The combination of these hardships could make conducting litigation difficult for individual defendants." *Bleiberg Entertainment, LLC v. Does 1-47*, No. CV-13-00595, 2013 WL 3786641 (D. Ariz. July 19, 2013).

Recently, another court in this District, after expressing the view that joinder of numerous Doe Defendants in BitTorrent swarm cases was likely not proper under Rule 20, severed Defendants on the basis of judicial economy and fairness. *See reFX Audio Software, Inc. v. Does 1-97*, No. 4:13-CV-00409 (CEJ), 2013 WL 3766571 (E.D. Mo. July 16, 2013). This Court now will follow this same approach.

**B. Motion to Quash**

The Court, however, is not persuaded that the subpoena issued to Charter with regard to Doe #10 is unduly burdensome. As such, the motion to quash shall be denied and Charter shall disclose the information requested with regard to Doe #10.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Doe #10's motion to quash is **DENIED**, and Defendant's alternative motion to sever is **GRANTED**.  (Doc. No. 8.)

**IT IS FURTHER ORDERED** that Charter shall, within seven (7) days of receipt of this Order, disclose the information requested in the subpoena regarding Doe #10. Plaintiff shall promptly serve a copy of this Order on Charter.

**IT IS FURTHER ORDERED** that Defendants Doe #2 through Doe #116 are **SEVERED** from this action and the claims against them are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's motion for an extension of time to serve the complaint is **GRANTED** with regard to Defendant Doe #1, to the extent that Plaintiff shall have an additional 60 days to serve the complaint.  (Doc. No. 12.)


_Audrey G. Fleissig_
AUDRERY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of August, 2013.